UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN A. KOHLBATZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 17-1157 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.  SUMMARY**

On June 13, 2017, plaintiff Kevin A. Kohlbatz filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' Joint Stipulation ("JS") filed March 19, 2018.  The Court has taken the Joint Stipulation under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 13, 2013, plaintiff filed an application for Supplemental Security Income alleging disability beginning on March 14, 2009, due to diabetes, cataracts in both eyes, nerve damage in both feet and both hands, and constant pain. (Administrative Record ("AR") 18, 190, 218). The ALJ examined the medical record and on February 19, 2016, heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 38-87).

On March 23, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 18-27). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: peripheral neuropathy, diabetes mellitus, obesity, mild lumbar spine degenerative disc disease, status post right hand fracture, recurring foot ulcers, status post right big toe amputation, and hypertension (AR 20); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 20); (3) plaintiff retained the residual functional capacity to perform sedentary work (20 C.F.R. §§ 416.967(a)) with additional limitations[1] (AR 21); (4) plaintiff was unable to perform any past relevant work (AR 26); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically telephone information clerk, lens inserter, and jewelry preparer (AR 26-27); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not credible to the

---

[1] The ALJ determined that plaintiff: (i) could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; (ii) could sit for six hours in an eight-hour workday; (iii) could stand and/or walk for two hours in an eight-hour workday; (iv) could frequently balance, stoop, kneel, crouch, and crawl; (v) could occasionally climb ramps and stairs, as well as ladders, ropes, and scaffolds; (vi) could frequently finger with the right-hand; (vii) needed to avoid concentrated exposure to extreme cold, heat, wetness, vibration, and hazards; (viii) required the use of an assistive device for walking and standing; and (ix) needed to be able to sit for one minute for every 30 to 40 minutes of walking. (AR 21).

extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 22).

On April 21, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the
///

burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need

4

not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 492 (9th Cir. 2015) (citing <u>Treichler</u>, 775 F.3d at 1099); <u>id.</u> ("A clear statement of the [ALJ's] reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.") (citation omitted); <u>see generally</u> 42 U.S.C. § 405(b)(1) ("ALJ's unfavorable decision must, among other things, "set[] forth a discussion of the evidence" and state "the reason or reasons upon which it is based"); 20 C.F.R. § 404.953(a) ("The administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the decision."); <u>Securities and Exchange Commission v. Chenery Corp.</u>, 332 U.S. 194, 196-97 (1947) (administrative agency's determination must be set forth with clarity and specificity).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. <u>Brown-Hunter</u>, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

### C. Evaluation of Medical Opinion Evidence

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent

with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of either a treating or examining physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted). An ALJ must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a treating or examining physician's opinion. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted).

///

6

"[The ALJ] must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

## IV. DISCUSSION

Here, in a letter dated October 31, 2013, plaintiff's treating physician, Dr. Keyla Monterrey, diagnosed plaintiff with diabetes mellitus and "severe bilateral peripheral neuropathy affecting both lower and upper extremities[,]" noted on examination that plaintiff had "no sensation from knees down" and "had multiple ulcers in plantar aspect of both feet situation that hasn't completely resolved[,]" and opined that plaintiff: (1) "can do very little physical activity or else his plantar ulcers can recur[]"; (2) was "at risk of falls" due to plaintiff's "advanced peripheral neuropathy"; (3) "experiences lack of sensation and strength" in his upper extremities and, as a result, "objects sometimes fall from [plaintiff's] hands and [plaintiff] has difficulty with simple tasks like opening jars and holding more than 10 pounds[]"; and (4) plaintiff's condition "will make it hard for him to perform any type of job[]" (collectively "Dr. Monterrey's Opinions"). (AR 336).

Plaintiff contends that the ALJ improperly rejected Dr. Monterrey's Opinions. (JS at 3-6). The Court agrees. As the Court cannot confidently conclude that the ALJ's errors were harmless, a remand is warranted.

First, the ALJ did not provide clear or legally sufficient reasons for rejecting the Dr. Monterrey's Opinions. For example, the ALJ wrote "[a]s [Dr. Monterrey] did not actually provide a function-by-function statement, her conclusions were somewhat vague and it is difficult to ascertain if she would actually agree with the functional limitations assessed herein given the extreme sedentary restrictions." (AR 25). Moreover, as the above explanation exemplifies, some of the ALJ's reasoning for rejecting Dr. Monterrey's Opinions is conclusory and somewhat confusing, which prevents the Court from conducting a meaningful review of such reasons. Treichler, 775 F.3d at 1103. In addition, to the extent the ALJ found Dr. Monterrey's Opinions "vague," the ALJ should have developed the record further

to clear up any ambiguity, rather than simply rejecting the treating physician's opinions entirely. See generally 20 C.F.R. § 416.912(e) (the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."); Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted) (Although plaintiff bears the burden of proving disability, the ALJ has an affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Even so, Dr. Monterrey's Opinions do appear to suggest that plaintiff had significant limitations in specific functions (*i.e.*, gripping "jars" and/or "holding more than 10 pounds"). (AR 336); see Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support ALJ's decision); Reddick, 157 F.3d at 722-23 (error for ALJ to paraphrase medical evidence in manner that is "not entirely accurate regarding the content or tone of the record"); Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error).

Second, in addition to rejecting Dr. Monterrey's Opinions, the ALJ also gave "little weight" to the September 25, 2013 opinions of the orthopedic consultative examiner, Dr. Vicente Bernabe for several significant reasons (*i.e.*, the examining physician "failed to consider the severity of [plaintiff's] most significant impairment, diabetes[,] . . . did not consider [plaintiff's] ongoing complications of foot ulcers and elevated blood sugars[] . . . [which] eventually required amputation of [plaintiff's] right big toe.") (AR 25) (citing Exhibit 3F [AR 331-35]). In doing so, the ALJ effectively rejected the only two medical

8

opinions in the record from either a treating physician (Dr. Monterrey) or an examining physician (Dr. Bernabe) which addressed the extent to which plaintiff's condition affected his functional abilities. The ALJ also rejected much of the opinions provided by the state agency medical consultants – the only other medical opinions in the record. Specifically, the ALJ gave "little weight" to the October 9, 2013 opinions of the state agency medical consultant on initial review (Dr. Thu N. Do), essentially because the Dr. Do's opinions "relied heavily on . . . Dr. Bernabe" – whose opinions the ALJ essentially found to be of limited probative value. (AR 25) (citing Exhibit 1A at 5-7 [AR 92-94]). The ALJ also gave limited weight to the March 29, 2014 opinions provided by the state agency medical consultant on reconsideration (Dr. Charles K. Lee), in part, because Dr. Lee "did not have the benefit of reviewing evidence that showed the [plaintiff] subsequently had his right big toe amputated because of recurring [diabetic] ulcers." (AR 25) (citing Exhibit 3A at 9-11 [AR 106-08]). Hence, it appears that the ALJ's residual functional capacity assessment was based to a large extent on the ALJ's own lay interpretation of the medical record overall. (See AR 26) ("In sum, the residual functional capacity assessed by this decision is supported by the evidence as a whole.").

As a lay person, however, "an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'" Padilla v. Astrue, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (quoting Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam), and citing Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975)); see also Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 17 (1st Cir. 1996) ("With a few exceptions . . . an ALJ, as a layperson, is not qualified to interpret raw data in a medical record."); see also Winters v. Barnhart, 2003 WL 22384784, *6 (N.D. Cal. Oct. 15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert.") (citations omitted); Gonzalez Perez v. Secretary of Health and Human Services, 812 F.2d 747, 749

(1st Cir. 1987) (ALJ may not "substitute his own layman's opinion for the findings and opinion of a physician") (citation omitted). Consequently, much of the ALJ's residual functional capacity assessment is not supported by substantial evidence. See Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual."); Brawders v. Astrue, 793 F. Supp. 2d 485, 493 (D. Mass. 2011) (citing Perez v. Secretary of Health and Human Services, 958 F.2d 445, 446 (1st Cir. 1991) (per curiam) ("[W]here an ALJ reaches conclusions about [a] claimant's physical exertional capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence and it is necessary to remand for the taking of further functional evidence.")); see also Tagger v. Astrue, 536 F. Supp. 2d 1170, 1181 (C.D. Cal. 2008) ("ALJ's determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician.") (citations and internal quotation marks omitted); Mendoza v. Barnhart, 436 F. Supp. 2d 1110, 1116 (C.D. Cal. 2006) (substantial evidence did not support Commissioner's non-disability determination where "administrative record [did] not contain any opinion by a treating or examining physician regarding [the] plaintiff's [residual functional capacity], and ALJ failed to obtain such an opinion.") (citation omitted); Banks v. Barnhart, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) (noting "[ALJ] must not succumb to the temptation to play doctor and make . . . independent medical findings.") (citations and quotation marks omitted).

Finally, the Court cannot confidently conclude that the ALJ's errors were harmless. As noted above, Dr. Monterrey's Opinions suggest that plaintiff's functional limitations might prevent plaintiff from performing even sedentary work. (AR 336). Moreover, at the hearing the vocational expert testified that there would be no work that plaintiff (or a hypothetical individual with the same characteristics as plaintiff) could do, if plaintiff was "expected to be off task 10%

of the time. . . ." (AR 86). Therefore, the Court cannot confidently conclude that the ALJ's residual functional capacity assessment for plaintiff, and in turn, the ALJ's non-disability decision, would have been the same absent such errors.

Accordingly, this case must be remanded so that the ALJ can develop the record, if necessary, and reevaluate the medical opinion evidence.

## V. CONCLUSION[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED in part, and this matter is REMANDED for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 30, 2018

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[3] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).